## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| NUVASIVE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS ) | Case No.: 2:19-cv-00698-SPC-NPM |
| ) | |
| CHRISTOPHER LeDUFF, GREGORY ) | |
| SOUFLERIS, and ABSOLUTE MEDICAL ) | |
| SYSTEMS, LLC, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT CHRISTOPHER LEDUFF'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Christopher LeDuff (hereafter, "LeDuff" or Defendant") and files this Answer and Affirmative Defenses, and shows this Court as follows:

### NATURE OF ACTION

1. LeDuff admits that he worked for NuVasive, Inc. as a sales representative. LeDuff denies the remaining allegations set forth in paragraph 1 of Plaintiff's Complaint.

### THE PARTIES

2. LeDuff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint, as such they stand denied.

3. Admitted.

4. LeDuff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint, as such they stand denied.

5. LeDuff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint, as such they stand denied.

6. LeDuff admits that he executed the July 3, 2013 Proprietary Information, Inventions Assignment and Restrictive Covenant Agreement ("PIIA"). LeDuff denies the remaining allegations set forth in paragraph 6 of Plaintiff's Complaint.

**JURISDICTION, VENUE, AND GOVERNING LAW**

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied.

**ALLEGATIONS RELATING TO ALL COUNTS**

**A. NuVasive's Business.**

11. Admitted.

12. Denied.

13. Denied.

**B. LeDuff's Contractual Obligations to NuVasive.**

14. Admitted.

15. Denied.

16. LeDuff states that the terms and conditions of the PIIA speak for themselves and denies any allegations set forth in paragraph 16 of Plaintiff's Complaint that is inconsistent with those terms and conditions.

17. LeDuff states that the terms and conditions of the PIIA speak for themselves and denies any allegations set forth in paragraph 17 of Plaintiff's Complaint that is inconsistent with those terms and conditions.

18. Denied.

19. Denied.

**C. Soufleris and Absolute Medical Systems.**

20. LeDuff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint, as such they stand denied.

21. LeDuff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint, as such they stand denied.

22. LeDuff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint, as such they stand denied.

23. Denied.

**D. LeDuff's Breaches of its Common Law and Contractual Obligations.**

24. Denied.

25. LeDuff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint, as such they stand denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. LeDuff admits that he is no longer employed by NuVasive. LeDuff denies all remaining allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Denied.

33. Denied.

### COUNT I – BREACH OF DUTY OF LOYALTY

(LeDuff)

34. LeDuff incorporates by reference his responses to paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

35. Denied.

36. Denied.

37. Denied.

### COUNT II – BREACH OF CONTRACT

**(LeDuff)**

38. LeDuff incorporates by reference his responses to paragraphs 1 through 33 of Plaintiff's Complaint as if fully set forth herein.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

### COUNT III – AIDING AND ABETTING BREACH OF DUTY OF LOYALTY

**(Soufleris and Absolute Medical Systems)**

50. LeDuff incorporates by reference his responses to paragraphs 1 through 37 of Plaintiff's Complaint as if fully set forth herein.

51. Denied

52. Denied.

53. Denied.

54. Denied.

55. Denied.

### COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT

**(Soufleris and Absolute Medical Systems)**

56. LeDuff incorporates by reference his responses to paragraphs 1 through 56 of Plaintiff's Complaint as if fully set forth herein.

57. Denied.

58. LeDuff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 58 of Plaintiff's Complaint, as such they stand denied.

59. LeDuff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 59 of Plaintiff's Complaint, as such they stand denied.

60. LeDuff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 60 of Plaintiff's Complaint, as such they stand denied.

**PRAYER FOR RELIEF**

LeDuff denies that NuVasive is entitled to any of the relief requested in the prayer for relief paragraph. LeDuff denies each and every allegation in Plaintiff's Complaint that is not specifically admitted herein. LeDuff requests that this Court dismiss Plaintiff's Complaint, deny the relief that Plaintiff seeks and award LeDuff with his costs and expenses in defending this action.

First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant.

Second Affirmative Defense

Plaintiff's Complaint is barred, in whole or part, as the PIIA and its restrictive covenants are legally invalid and unenforceable.

Third Affirmative Defense

Plaintiff Complaint is barred in whole or part as it failed to mitigate or minimize its damages, if any, in this matter.

Fourth Affirmative Defense

Plaintiff's Complaint is barred, in whole or part, by the doctrines of waiver and estoppel.

Fifth Affirmative Defense

Plaintiff's Complaint is barred, in whole or part, by the doctrine of unclean hands.

Sixth Affirmative Defense

Defendant states that he has acted at all times in good faith and specifically denies that he has engaged in any wrongful act or omission that allegedly caused injury or damage to Plaintiff.

<u>Seventh Affirmative Defense</u>

Plaintiff's claims are barred, in whole or in part, inasmuch as they are prohibited by Fla. Stat. § 542.335.

<u>Eight Affirmative Defense</u>

Plaintiff's claims are barred, in whole or in part, inasmuch as the restrictive covenants of the PIIA are overbroad, overlong, not limited to a geographical area, and unreasonable.

Dated:  October 10, 2019

Respectfully submitted,

*/s/ Chris Mills*
Chris Mills, Esq.
Florida Bar No. 72207
BUSCH, SLIPAKOFF, MILLS & SLOMKA, LLC
319 Clematis Street, Suite 109
West Palm Beach, Florida 33401
(561) 408-0019
cm@bsms.law

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of October, 2019, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to all counsel of record and CM/ECF participants.

Diana N. Evans, Esquire
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
dnevans@Bradley.Com
Attorney for NuVasive

Christopher W. Cardwell, Esquire
Pro Hac Vice
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
ccardwell@gsrm.Com
Attorney for NuVasive

*/s/ Chris Mills*
Chris Mills, Esq.
Florida Bar No. 72207
BUSCH, SLIPAKOFF, MILLS & SLOMKA, LLC
319 Clematis Street, Suite 109
West Palm Beach, Florida 33401
(561) 408-0019
cm@bsms.law