UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NUVASIVE, INC.,

      Plaintiff,

v.                                                                            Case No. 2:19-cv-698-FtM-38NPM

CHRISTOPHER LEDUFF,
GREGORY SOUFLERIS and
ABSOLUTE MEDICAL SYSTEMS, LLC

      Defendants.

## ORDER

Before the Court are a variety of pending motions mostly concerned with the extent to which Plaintiff's claims should be referred to binding arbitration and whether any discovery should proceed in this matter or only in the arbitration proceeding. Noting, among other things, the inconsistency between Plaintiff seeking—in its Complaint—arbitration of its claim for damages based on an alleged breach of employee loyalty, and seeking—in its briefing—arbitration of *only* its claim for a permanent injunction based on an alleged breach of contract (Docs. 1, pp. 2, 8-10, 12; 56, pp. 6-7),[1] the Court entered an order for the parties to show cause why all claims, other than any request for temporary injunctive relief, should not be referred to arbitration based on the arbitration provision in the contract at issue. (Doc. 73; *see also* Doc. 56, p. 5 (in which Plaintiff contends that "it

---

[1] Responding to Defendants' motion to compel arbitration (Doc. 54), Plaintiff concedes that its breach of contract claim should be referred to arbitration to the extent it seeks anything other than a preliminary injunction as relief. And in its Complaint, Plaintiff seeks preliminary and permanent injunctive relief, but not any damages, as remedies for its breach of contract claim.

is the district court's role to rigorously enforce agreements to arbitrate") (internal quotation and citation omitted)).

Making no attempt to reconcile its inconsistency, Plaintiff instead pretends as if its Complaint contains a claim for breach of contract damages and then insists that only this (non-existent) claim should be referred to arbitration. (Doc. 75, p. 3). And overlooking the arbitration provision's command that "the arbitrator is empowered to award all remedies otherwise available in a court of competent jurisdiction" (Doc. 1-1, p. 10), Defendants submit that outside of requests for injunctive relief the entire action should be referred to arbitration. (Doc. 77, p. 2). But as expressly stated in the arbitration provision, the parties agreed to exclude only requests for "temporary injunctive relief, as permitted by applicable state law" from the scope of issues that must be arbitrated. (Doc. 1-1, p. 10). Accordingly, and as set forth in more detail below, the Court grants the parties' requests to compel arbitration as to all claims in the Complaint except for any request for temporary injunctive relief.

**Background**

This is a common type of employment dispute. Plaintiff NuVasive Inc. markets and sells medical devises for surgical treatment of spine disorders through its sales force. (Doc. 1, ¶¶ 11-12). NuVasive and Christopher LeDuff entered into a confidentiality, non-competition, and non-solicitation agreement (the "agreement" or "contract") as a condition of allowing LeDuff to sell NuVasive's products. (*Id.*, ¶ 15). NuVasive alleges its now former employee, LeDuff, violated and continues to violate both common law and contractual obligations that he owes to NuVasive under the employment agreement. (*Id.*, ¶ 1). NuVasive claims while LeDuff worked for NuVasive, he violated provisions of this

agreement in anticipation of both leaving NuVasive and working for Defendant Absolute Medical Systems ("AMS"). (*Id.*, ¶¶ 26-29).

NuVasive claims Defendant Gregory Soufleris formed AMS to represent and distribute products designed and manufactured by NuVasive's direct competitor. (*Id.*, ¶¶ 20, 22). NuVasive also claims both Soufleris and AMS encouraged LeDuff—while he still worked for NuVasive—to solicit one of NuVasive's employees to join AMS, and to have NuVasive's customers use competing products distributed by AMS. (*Id.* ¶ 30). On September 18, 2019, NuVasive terminated LeDuff. (*Id.*, ¶ 31).

In the four-count Complaint, NuVasive asserts claims for:

(1) Breach of Duty of Loyalty against LeDuff (Count I);

(2) Breach of Contract against LeDuff (Count II);

(3) Aiding and Abetting Breach of Duty of Loyalty against Soufleris and AMS (Count III); and

(4) Tortious Interference with Contract against Soufleris and AMS. (Count IV).

(*Id.*, pp. 8-12). The tortious interference claim against AMS and Soufleris expressly incorporates the breach of contract claim against the LeDuff (Doc. 1, ¶ 56), and all four claims are based on the same conduct; namely, LeDuff having solicited business from Nuvasive's customers for the benefit of AMS, and having solicited a colleague to leave NuVasive and likewise assist AMS. (Doc. 1, ¶¶ 36, 42, 52, 59). As remedies, NuVasive seeks damages from LeDuff for breaching the duty of loyalty, damages from Soufleris and AMS for aiding and abetting the breach of loyalty and tortiously interfering with the contract, and a preliminary and permanent injunction against LeDuff to enforce the restrictive covenant in the contract. (*Id.*, ¶¶ 37, 44-49, 55, 60).

In relevant part, the contract's arbitration provision states:

XII.   MUTUAL ARBITRATION AGREEMENT

I agree that in the event of any dispute or claim relating to or arising out of the terms of this agreement or their interpretation, the Company and I agree that all such disputes shall be fully and finally resolved by binding arbitration conducted before a single neutral arbitrator from AAA in the state in which I last reside while employed by Company, pursuant to the then current employment arbitration rules (rules can be accessed at www.adr.com or through human resources). The arbitrator shall permit adequate discovery. In addition, the arbitrator is empowered to award all remedies otherwise available in a court of competent jurisdiction. Any judgment rendered by the arbitrator may be entered by any court of competent jurisdiction. The arbitrator shall issue an award in writing and state the essential findings and conclusions on which the award is based. By executing this Agreement, the Company and I are both waiving the right to a jury trial with respect to any such disputes. In California (and any other jurisdiction in which it is required by law) Company shall bear the costs of the arbitrator, forum and filing fees. In all other jurisdictions the Company and I shall split the costs of the arbitrator, forum and filings fees equally. Each party shall bear its own respective attorneys' fees and all other costs, unless otherwise provided by law and awarded by the arbitrator. This arbitration agreement does not include claims that, by law, may not be subject to mandatory arbitration. In addition, this arbitration agreement does not prevent either party from seeking temporary injunctive relief, as permitted by applicable state law, through either AAA or an appropriate court of competent jurisdiction.

(Doc. 1-1, p. 10).

**Arbitration**

As the Court explained in its Order to Show Cause (Doc. 73), "[a] strong policy exists in favor of resolving disputes by arbitration." *Milestone v. Citrus Specialty Grp., Inc.*, No. 8:19-cv-2341-T-02JSS, 2019 WL 5887179, *1 (M.D. Fla. Nov. 12, 2019) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)). Indeed, the Federal Arbitration Act ("FAA" or "the Act") provides, "[a] written provision in any . . .

contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Hudson Glob. Res. Mgmt., Inc. v. Beck*, No. 8:05-CV-1446-T-27TBM, 2006 WL 1722353, *3 (M.D. Fla. June 20, 2006) (quoting 9 U.S.C. § 2).

"By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3 & 4)). And "any doubts concerning the scope of arbitrable issues—that is, doubts over whether an issue falls within the ambit of what the parties agreed to arbitrate—should be resolved in favor of the arbitration." *Milestone*, 2019 WL 5887179, at *1 (quoting *Jpay, Inc. v. Kobel*, 904 F.3d 923, 929 (11th Cir. 2018)).

There is no dispute that, other than any request for temporary injunctive relief, the breach of contract claim is subject to binding arbitration. Likewise, the claim for damages for the alleged breach of employee loyalty is subject to arbitration as well because it is dependent on LeDuff's former status as an employee and could not be brought in the absence of the relationship governed by the agreement. Thus, it arises out of and relates to the agreement and falls within the scope of the arbitration provision. *Milestone*, 2019 WL 5887179, at *2.

Furthermore, because NuVasive must rely on the terms of the agreement in asserting its tortious interference claim, and because Nuvasive "has alleged claims that are substantially intertwined and pertain to the same concerted misconduct by all three

Defendants," Nuvasive is equitably estopped from avoiding arbitration of its claims against AMS and Soufleris. *Milestone*, 2019 WL 5887179, at *3; *Hudson*, 2006 WL 1722353, at *6-7. In short, outside of any request for preliminary injunctive relief, the entire complaint is subject to referral to binding arbitration.

Parties otherwise entitled to invoke arbitration can lose ability to do so by engaging in actions tantamount to waiver. *Davis v. White*, 795 F. App'x 764, 768 (11th Cir. 2020) (citing *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012)). When looking at the totality of circumstances, waiver occurs when both: "'(1) the party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate; and (2) this participation results in prejudice to the opposing party.'" *Id.* (quoting *Johnson v. Keybank Nat'l Ass'n (In re Checking Account Overdraft Litig.)*, 754 F.3d 1290, 1294 (11th Cir. 2014)) (citing *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1316 (11th Cir. 2002)). But here, Defendants immediately sought arbitration and did not participate in this litigation to the point that their conduct is inconsistent with their intent to arbitrate. Based on the totality of circumstances, the Court finds Defendants have not waived their right to have all claims submitted to arbitration.

The final issue that is purportedly of "paramount concern" to NuVasive is receiving discovery. (Doc. 75, p. 7). NuVasive argues it should be able to conduct discovery in this forum concerning a forthcoming motion for preliminary injunction, which it may but is not required to arbitrate. (*Id.*). However, any such discovery would also go to NuVasive's request for a permanent injunction, which it is required to arbitrate, and the arbitration agreement succinctly states: "The arbitrator shall permit adequate discovery." (Doc. 1-1, ¶ 10). To secure the just, speedy and inexpensive resolution of this action, the Court will

therefore decline NuVasive's invitation to allow duplicative discovery to be conducted in the two proceedings.

Accordingly, it is hereby **ORDERED**:

(1) Defendants' Motion to Compel Arbitration and Stay Court Proceedings Pending Arbitration (Doc. 54) is **GRANTED** to the extent that the parties are hereby required to submit all claims, other than requests for temporary injunctive relief, to binding arbitration pursuant to the arbitration provision in the contract at issue (Doc. 1-1, p.10).

(2) Other than a request for temporary injunctive relief, this matter is stayed subject to a motion to lift the stay for good cause. The parties will notify the Court by October 1, 2020 and on the first business day of every other month thereafter concerning the status of the arbitration and will immediately notify the Court of the conclusion of the arbitration.

(3) The remaining pending motions are **DENIED without prejudice** as moot. (Docs. 41, 57, 64, 66, 67, 68, 69, 71).

(4) The Clerk of Court is directed to administratively close the case until further order of this Court.

**DONE** and **ORDERED** in Fort Myers, Florida on June 30, 2020.

*[signature]*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE