**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| NUVASIVE, INC. )<br>)<br>)<br>    Plaintiff, )<br>)<br>VS )<br>)<br>CHRISTOPHER LeDUFF, GREGORY )<br>SOUFLERIS, and ABSOLUTE MEDICAL )<br>SYSTEMS, LLC, )<br>)<br>    Defendants. )<br>_____ ) | Case No.: 2:19-cv-00698-SPC-NPM |

## DEFENDANTS' REQUEST FOR CLARIFICATION

COME NOW Defendants, Christopher LeDuff, Gregory Soufleris, and Absolute Medical Systems, LLC (collectively, "Defendants"), by and through undersigned counsel, and respectfully file their Request for Clarification of this Court's June 30, 2020 Order (D.E. 78), and show this Court as follows:

1. Defendants Request Clarification from this Court regarding this Court's June 30, 2020 Order's (**D.E. 78**) effect upon Soufleris and AMS.

2. On December 26, 2019, Defendants moved to compel arbitration as to Count II (breach of contract against LeDuff), and stay litigation as to Counts I, II and IV (breach of duty of loyalty as to LeDuff, aiding and abetting breach of duty of loyalty and tortious interference with contract as to Soufleris and AMS). (**D.E. 54**).

3. Said motion was granted by this Court on June 30, 2020 ordering arbitration and staying this case (**D.E. 78**).

1

4. Nonetheless, Plaintiff filed claims in the arbitration proceedings for breach of duty of loyalty against LeDuff, aiding and abetting breach of duty of loyalty against Soufleris and AMS and tortious interference with contract against Soufleris and AMS.

5. Generally, a party cannot be compelled to submit a dispute to arbitration which he has not agreed to so submit. *MS Dealer Serv. Corp. v. Franklin,* 177 F. 3d 942, 947 (11th Cir. 1999) citing to *AT& T Techs., Inc. v. Communications Workers of Am.,* 475 U.S. 643. 648 (1986). There are three instances where a non-signatory to an arbitration contract can be compelled to arbitration: equitable estoppel, close agency relationship between the parties, or a contract that indicates an intention to include third parties in the arbitration clause. *Valdez v. Bags, Inc.,* 2016 U.S. Dist. LEXIS 194163, *11-12 (S.D. Fla. June 30, 2016). Those exceptions are not applicable here, Soufleris and AMS did not consent to have an arbitration panel adjudicate tort claims against them.

### RELIEF REQUESTED

WHEREFORE, Defendants Soufleris and AMS request that this Court clarify its June 30, 2020 Order (**D.E. 78**) granting Defendants' Motion to Compel Arbitration and Stay Court Proceedings Pending Arbitration. (**D.E. 54**) and clarify whether Soufleris and AMS have been compelled to arbitrate tort claims without having consented to arbitration, and for other such relief this Court deems just and proper.

### LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel for Defendants contacted counsel for Plaintiff regarding the relief requested herein, but has been unable to confirm if Plaintiff consents or objects to Defendant's request for clarification.

Dated:  October 1, 2020.

Respectfully submitted,

*/s/ Christopher Y. Mills*
Christopher Y. Mills, Esq.
Florida Bar No. 72207
BUSCH, SLIPAKOFF, MILLS & SLOMKA, LLC
319 Clematis Street, Suite 109
West Palm Beach, Florida 33401
(561) 408-0019
cm@bsms.law

*/s/ Bryan Busch*   (*pro hac vice*)
Bryan Busch, Esq.
GA Bar No. 006055
BUSCH, SLIPAKOFF, MILLS & SLOMKA, LLC
3350 Riverwood Parkway Suite 2100
Atlanta, Georgia 30339
(404) 800 400-4062
bb@bsms.law

*Attorneys for Defendants, Christopher LeDuff, Gregory Soufleris, and Absolute Medical Systems, LLC*

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of October, 2020, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to all counsel of record and CM/ECF participants.

R. Craig Mayfield, Esquire
Diana Evans, Esquire
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
cmayfield@bradley.com
Dnevans@bradley.com

Christopher W. Cardwell, Esquire (*pro hac vice*)
Mary Taylor Gallagher, Esquire *(pro hac vice)*
M. Thomas McFarland, Esquire (*pro hac vice*
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
ccardwell@gsrm.Com
mtgallagher@gsrm.com
tmcfarland@gsrm.com

*Attorneys for Plaintiff NuVasive, Inc.*

                                          */s/ Bryan Busch*
                                          Bryan Busch, Esq.
                                          *Pro Hac Vice*