UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| NUVASIVE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 2:19-cv-00698-SPC-NPM |
| ) | |
| CHRISTOPHER LeDUFF, GREGORY ) | |
| SOUFLERIS, and ABSOLUTE MEDICAL ) | |
| SYSTEMS, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### NUVASIVE, INC.'S RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION

Through its counsel of record, Plaintiff, NuVasive, Inc. ("NuVasive"), states as follows for its response to Defendants' Motion for Reconsideration (the "Motion")[1] (Doc. 79):

### I.     INTRODUCTION

It appears that whenever Defendants receive a ruling they deem unsatisfactory, their strategy is to simply seek a different answer in an alternative forum.  The instant Motion is no different.  After this Court compelled NuVasive's claims to arbitration – at Defendants' express request – Absolute Medical Systems, LLC ("Absolute Medical Systems") and Gregory Soufleris ("Soufleris") moved for dismissal from those arbitration proceedings.  After the arbitrator denied their request and affirmed this Court's June 30, 2020, Order, Defendants

---

[1] Defendants style their Motion as a "Request for Clarification," but as they clearly seek relief from this Court's order compelling NuVasive's claims to arbitration it is, in actuality, a motion for reconsideration of that order.

returned to this Court seeking reconsideration of it. No grounds exist for reconsideration of that Order, and the Motion should be denied.

## II.   RELEVANT FACTS AND PROCEDURE

After Defendants moved to compel this litigation to arbitration, this Court entered an Order to Show Cause "why all claims in this matter, other than any request for preliminary injunctive relief, should not be referred to binding arbitration." (Doc. 73, p. 4). Defendants' response to that Order to Show Cause conceded that all of NuVasive's claims – including those against Absolute Medical Systems and Soufleris – are subject to binding arbitration, by stating:

> Here, NuVasive simply cannot proceed on these claims against Soufleris and AMS without relying on the PIIA and the same set of factual allegations asserted as to LeDuff. Accordingly, this Court is within its right to compel arbitration of all claims that are dependent on the PIIA, outside of the claim seeking injunctive relief. Accordingly, Defendants respectfully submit that this Court should enter an order compelling arbitration of all non-equity legal claims.

(Defs.' Resp. Order Show Cause, Doc. 77, p. 2).

This Court agreed with Defendants' unequivocal statement and issued its Order on June 30, 2020, which holds that all of NuVasive's claims "are based on the same conduct" and ordered them – absent a claim for preliminary injunctive relief – to proceed to arbitration. (Order, Doc. 78, p. 2). Specifically, the Order unambiguously holds that:

> [B]ecause NuVasive must rely on the terms of the agreement in asserting its tortious interference claim, and because NuVasive "has alleged claims that are substantially intertwined and pertain to the same concerted misconduct by all three Defendants," NuVasive is equitably estopped from avoiding arbitration of its claims against AMS and Soufleris. In short, outside of any request for preliminary injunctive relief, the entire complaint is subject to referral to binding arbitration.

(Id. at pp. 5-6 (quoting *Milestone v. Citrus Specialty Grp., Inc.*, No. 8:19-cv-2341-T-02JSS, 2019 WL 5887179, at *3 (M.D. Fla. Nov. 12, 2019)). The Court then administratively closed this case, and NuVasive instituted arbitration proceedings against Defendants, as ordered, in the matter *NuVasive, Inc. v. LeDuff, et al.*, American Arbitration Association, Case No. 01-20-0010-0656 (the "Arbitration").

Dissatisfied with receiving their requested relief, Defendants moved to dismiss Absolute Medical Systems and Soufleris from the Arbitration, and, in so doing, misrepresented this Court's June 30, 2020, Order claiming it stayed NuVasive's claims against Absolute Medical Systems and Soufleris. (*See* Resps.' Mot. Dis., attached as **Exhibit 1**, p. 2). NuVasive responded to Defendants' motion in the Arbitration. (Clmt.'s Resp., attached as **Exhibit 2**). The Honorable Jeffrey J. Keyes[2] – appointed as arbitrator – rejected Defendants' argument, noting that their motion was an attempt to "reverse course" from their previous positions. (Sept. 18, 2020, Order, attached as **Exhibit 3**, p. 2). Indeed, in affirming this Court's Order, Judge Keyes held that Defendants "did not just consent to arbitration, they demanded it." (**Id.** at p. 3).

Again, dissatisfied with that ruling, Defendants filed the instant Motion seeking reconsideration of the Court's June 30, 2020, Order ninety-three (93) days after its issuance. Furthermore, Defendants failed to meaningfully meet and confer regarding the Motion prior to filing it. At 2:31 p.m. (eastern) on October 1, 2020, counsel for Defendants emailed counsel for NuVasive asking if it consented or objected to the Motion. (*See* Oct. 1, 2020, Email from

---

[2] United States Magistrate Judge, District of Minnesota (Ret.)

Mirmelli, attached as **Exhibit 4**).³ However, at that time counsel for NuVasive was conducting an evidentiary hearing in a separate, but related, arbitration proceeding. Defendants' counsel was well aware of that fact as it serves as counsel for the respondent in that evidentiary hearing. Just over two hours later – while those proceedings were still in full swing – Defendants filed this Motion without giving NuVasive any meaningful opportunity to meet and confer. (*See* ECF Notification, attached as **Exhibit 5**).

### III.   LAW AND ARGUMENT

Put simply, Defendants' Motion should be denied as no "clarification" of this Court's June 30, 2020, Order is necessary. Defendants sought to compel all of NuVasive's claims to arbitration, and this Court obliged. The Order could not be any clearer, and Defendants fail to show any reason why it should be disturbed.

The decision whether to grant or deny a motion seeking reconsideration of a previously-entered order lies within the discretion of the District Court. *E.g.*, *Lamar Adver., Inc. v. City of Lakeland*, 189 F.R.D. 480, 488-89 (citing *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)). Such a motion "should raise new issues, not merely readdress issues litigated previously." *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (quoting *Painewebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995)). The movant, therefore, "must demonstrate why the court should reconsider its decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Lamar*

---

³ NuVasive notes the timestamp on Exhibit 4 indicates the email was received at 1:31 p.m. This is due to the fact that counsel for NuVasive is within the central time zone.

823266.1/020191035

4

*Adver.*, 189 F.R.D. at 489 (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D. Fla. 1993)). As such, "[i]n the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Id.* (quoting *Penn. Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992)).

This Court recognizes three grounds to justify reconsideration: (i) an intervening change in the controlling law; (ii) the availability of new evidence; and (iii) the need to correct clear error or manifest injustice. *Id.* Any party seeking relief pursuant to the third ground "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Id.* (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). In short, this Court's orders "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Hood*, 278 F. Supp. 2d at 1340 (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).

Defendants' Motion should be denied because there is no clear error or manifest injustice to correct.[4] The Motion merely attempts to relitigate issues that this Court already decided in its June 30, 2020, Order. Defendants, in response to the Order to Show Cause, expressly argued that all of NuVasive's claims could – and should – be compelled to binding arbitration, an argument with which this Court agreed. NuVasive accepted the Court's ruling and instituted the Arbitration, asserting the exact same claims that this Court compelled to

---

[4] As Defendants' Motion fails to even suggest a change in any controlling law or put forth any evidence at all (much less new evidence), only the third ground for relief may reasonably be considered.

arbitration. Absolute Medical Systems and Soufleris – apparently displeased with having to litigate the claims against them at all – moved for dismissal from the Arbitration, which Judge Keyes flatly rejected leading to the instant Motion. Defendants now seek merely to relitigate whether equitable estoppel warrants the arbitration of NuVasive's claims against Absolute Medical Systems and Soufleris, failing to put forth any facts or law warranting reversal of the June 30, 2020, Order. In no uncertain terms, this Court "clearly ordered binding arbitration of those claims pursuant to the arbitration provision in the contract at issue in this case." (**Exhibit 3**, pp. 2-3). Defendants fail to carry their burden for reconsideration. Their argument should be rejected by this Court and the Motion denied so that the parties can proceed to resolving this matter on its merits.

## IV.   CONCLUSION

As Judge Keyes succinctly held, Defendants "did not just consent to arbitration, they demanded it." Their Motion seeking reconsideration of the Order – granting them their requested relief – should be denied.

Dated: October 12, 2020                     Respectfully submitted,

                *s/ M. Thomas McFarland*
                R. Craig Mayfield (Fla. Bar No. 0429643)
                cmayfield@bradley.com
                Diana Evans (Fla. Bar No. 98945)
                Dnevans@bradley.com
                Bradley Arant Boult Cummings LLP
                100 North Tampa Street, Suite 2200
                Tampa, Florida 33602
                Tel: (813) 559-5500
                Fax: (813) 229-5946

                Christopher W. Cardwell, Esq. (*pro hac vice*)
                Mary Taylor Gallagher *(pro hac vice)*
                M. Thomas McFarland, Esq. (*pro hac vice*
                GULLETT SANFORD ROBINSON & MARTIN PLLC
                150 Third Avenue South, Suite 1700
                Nashville, TN 37201
                (615) 244-4994 (Telephone)
                (615) 256-6339 (Facsimile)
                ccardwell@gsrm.com
                mtgallagher@gsrm.com
                tmcfarland@gsrm.com

                *Attorneys for Plaintiff NuVasive, Inc.*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 12th day of October 2020, I electronically filed he foregoing with the Clerk of the Court via the CM/ECF system, which will send notice of electronic filing to the registered participants as identified on the NEF.

Christopher Mills
Busch, Slipakoff, Mills & Slomka, LLC
Email: cm@bsms.law
319 Clematis Street, Suite 109
West Palm Beach, Florida 33401
Phone: (561) 408-0019

Bryan E. Busch
Busch, Slipakoff, Mills & Slomka, LLC
Email: bb@bsms.law
3350 Riverwood Pkwy. SE, Suite 2100
Atlanta, GA  30339
Phone: (404) 800-4062
Fax:   (404) 800-4062

*Attorneys for Defendants*

               *s/ M. Thomas McFarland*
               Attorney for NuVasive, Inc.